CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. ADAM M. WELLS                                         DKT. NO. 1:19CR00305-1

### PETITION FOR SUMMONS OF PERSON UNDER SUPERVISION

COMES NOW, Tina N. Parde, Senior United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Adam M. Wells, who was placed on probation by the Honorable Karen E. Schreier, sitting in the United States District Court in Sioux Falls, South Dakota on July 1, 2015.  The defendant was sentenced to 5 years' probation for an offense of Failure to Pay Legal Child Support, in violation of 18 U.S.C. § 228(a)(3).  The original term of probation commenced on July 1, 2015, and is set to expire on June 30, 2020.  Jurisdiction was transferred from the District of South Dakota to the District of Colorado on July 1, 2019.  The Honorable Daniel D. Domenico was assigned to the defendant's case.  As noted in the Judgment [Document 1-1], the Court ordered mandatory, standard and special conditions of probation.  The probation officer alleges the defendant has violated the following terms and conditions of probation as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about December 13, 2018, the defendant used or administered a controlled substance, marijuana, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of probation[1].

On December 13, 2018, the defendant submitted to a drug test at Aurora Mental Health, which yielded a positive result for marijuana. During a home visit on January 10, 2019, Senior United States Probation Officer (Sr. USPO) Tina Parde confronted the defendant on his positive drug test.  The defendant admitted to one-time use of marijuana around Christmas, when he was visiting friends in Colorado Springs, Colorado.  The defendant stated, "It was there, and I used it."

---

[1] According to §7B1.1(a)(2), a Grade B Violation is based on conduct constituting any other offense punishable by imprisonment of more than a year.  In *U.S. v Rockwell*, 984 F.2d 1112 (10th Cir. 1993) cert. denied, 113 S. Ct. 2945, the Court equated drug use with drug possession.  In *U.S. v. Draper*, 2019 WL 1552732 (10th Cir. April 10, 2019), the Court applied penalties under state law in finding Grade B violations for possession and use.  In *U.S. v Robles*, 447 Fed. Appx. 892 (10th Cir. 2012), the Court found that drug use equates to drug possession and is a Grade B violation under USSG §7B1.1.

Case 1:19-cr-00305-DDD   Document 4   Filed 11/05/19   USDC Colorado   Page 2 of 6

Adam M. Wells  
1:19CR00305-1

Petition for Summons of Person Under Supervision  
Page 2

November 5, 2019

2. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about May 9 through May 26, 2019, the defendant used or administered a controlled substance, cocaine and marijuana, which had not been prescribed for him by a physician. This constitutes a Grade B violation of probation. Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of cocaine carries a penalty of over 12 months imprisonment.[2]

On May 30, 2019, Sr. USPO Parde called the defendant to confront him on his two missed drug tests that month. When Sr. USPO Parde asked the defendant why he had failed to call the COMPLY (drug testing) line during the entire month of May, the defendant responded, "because I've been high." When Sr. USPO Parde asked how long the defendant had been using, the defendant stated, "three weeks, but I'm sober four to five days now." Sr. USPO Parde asked why he stopped using drugs when he did, to which he replied, "I nearly lost my job." The defendant then added that he had been drinking alcohol and using marijuana and cocaine. The defendant further admitted that he was using drugs alone at his residence and would drive to work under the influence.

3. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about June 9, 2019, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician. This constitutes a Grade B violation of probation. Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of cocaine carries a penalty of over 12 months imprisonment.

On June 9, 2019, the defendant submitted to a drug test at Aurora Mental Health, which yielded a positive result for cocaine. During a visit with the defendant at his place of employment on June 14, 2019, Sr. USPO Parde confronted the defendant on his positive drug test; the defendant admitted this drug use, in addition to further use of alcohol, marijuana, and cocaine as recent as of June 13, 2019. As a result, we discussed a modification to his conditions of probation to include placement at the Residential Reentry Center (RRC) for a period of up to six months to provide the defendant with needed additional structure and support. The defendant's placement at the RRC commenced on July 15, 2019.

---

[2] According to §7B1.1(a)(2), a Grade B Violation is based on conduct constituting any other offense punishable by imprisonment of more than a year. In *U.S. v Rockwell*, 984 F.2d 1112 (10th Cir. 1993) cert. denied, 113 S. Ct. 2945, the Court equated drug use with drug possession. In *U.S. v. Draper*, 2019 WL 1552732 (10th Cir. April 10, 2019), the Court applied penalties under state law in finding Grade B violations for possession and use. In *U.S. v Robles*, 447 Fed. Appx. 892 (10th Cir. 2012), the Court found that drug use equates to drug possession and is a Grade B violation under USSG §7B1.1.

Case 1:19-cr-00305-DDD   Document 4   Filed 11/05/19   USDC Colorado   Page 3 of 6

Adam M. Wells  
1:19CR00305-1

Petition for Summons of Person Under Supervision  
Page 3

November 5, 2019

### 4. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about July 15, 2019, the defendant used or administered a controlled substance, cocaine and marijuana, which had not been prescribed for him by a physician. This constitutes a Grade B violation of probation. Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of cocaine carries a penalty of over 12 months imprisonment.

On July 15, 2019, the defendant submitted to a drug test at Independence House South Federal (an RRC) upon entering the program, which yielded a positive result for cocaine and marijuana. During a visit with the defendant at the RRC on July 17, 2019, Sr. USPO Parde and the defendant discussed his sobriety, at which time he admitted on July 14, 2019, his roommates threw him a "going away party" and he "drank a lot," smoked marijuana and used cocaine.

### 5. **FAILURE TO RESIDE IN/COMPLY WITH RULES OF RESIDENTIAL REENTRY CENTER (RRC)**

On or about September 20, 2019, the defendant failed to reside in or comply with the rules of the Residential Reentry Center (RRD), which constitutes a Grade C violation of probation.

In accordance with the Order Modifying Conditions of Probation, the defendant's placement at Independence House South Federal (the RRC in Denver, Colorado) commenced on July 15, 2019. On September 20, 2019, the defendant's placement at the RRC was unsuccessfully terminated. According to the Independence House South Federal rejection letter, the defendant displayed he had no desire to abide by Independence House rules and regulations. On July 22, 2019, the defendant was written up for a positive drug test for cannabinoids. On August 22, 2019, the defendant was written up for being insolent to staff. On September 4, 2019, the defendant was written up for failing to submit paystubs or pay subsistence since his arrival. On September 10, 2019, the defendant was written up a second time for being insolent to staff. It should be noted that Sr. USPO Parde was made aware of the RRC's intent to reject the defendant's placement on September 13, 2019. However, the RRC staff agreed to allow the defendant to continue to stay at the RRC until September 20, 2019, to allow the defendant and Sr. USPO Parde time to find an alternative residence for the defendant, instead of him releasing homeless. On September 20, 2019, the defendant moved into the Hazlebrook Sober Living facility.

6. **FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN RESIDENCE**

On or about October 19, 2019, the defendant moved from his residence at 1052 South Waco Way in Aurora, Colorado, and failed to notify the probation officer of this change at least 10 days prior to move, which constitutes a Grade C violation of probation.

On Saturday, October 19, 2019, the defendant sent an email to Sr. USPO Parde, advising that he was put on "level zero" at the Hazlebrook Sober Living Home, due to not paying rent.  However, the defendant failed to report that he packed up his belongings and moved out of the residence on that same day. Sr. USPO Parde was advised the defendant left the Hazlebrook Sober Living Home through staff at the residence.  On October 24, 2019, Sr. USPO Parde located the defendant at his place of employment and the defendant admitted he left Hazlebrook Sober Living on October 19, 2019.  It was at this time that the defendant reported he had been staying with his girlfriend in Como, Colorado since October 19, 2019.

7. **FAILURE TO PAY RESTITUTION IN ACCORDANCE WITH THE SCHEDULE OF PAYMENTS SECTION OF THE JUDGMENT**

The defendant has failed to make payments toward his restitution in April 2019; May 2019; June 2019; July 2019; August 2019; September 2019; and October 2019, as ordered by the Court, which constitutes of Grade C violation of probation.

The defendant is was ordered to make monthly restitution payments in the amount of $50 during the term of his probation and/or until restitution is paid in full.  The defendant has failed to make the ordered $50 monthly payment since March 2019.  The defendant's restitution balance is currently $33,893.14.

8. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE OR MENTAL HEALTH TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to keep counseling appointments at Independence House South, the treatment program in which the probation officer directed him to participate, on May 30; July 14; July 15; July 18; September 23; and October 23, 2019.  This constitutes a Grade C violation of probation.

On April 25, 2019, the defendant was instructed to participate in dual diagnosis individual counseling and medication management at Independence House South.  On May 30; July 14; July 15; July 18; September 23; and October 23, 2019, the defendant failed to report to Independence House South as instructed for either individual counseling or medication management.  In each instance the Probation Office was notified via email by Independence House staff of the defendant's failure to participate in treatment as directed.

9. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide urine samples at Aurora Mental Health, the testing and treatment program in which the probation officer directed him to participate, on April 2; April 12; May 18; May 22; June 23; and October 11, 2019.  This constitutes a Grade C violation of probation.

On March 22, 2018, the defendant was instructed to participate in random drug testing at Aurora Mental Health.  On April 2, April 12; May 18; May 22; June 23; and October 11, 2019, the defendant failed to report to Aurora Mental Health for random urine testing.  In each instance the Probation Office was notified via email by Aurora Mental Health staff of the defendant's failure to submit to urine testing.

10. **FAILURE TO TAKE PRESCRIBED MEDICATIONS AS DEEMED NECESSARY BY THE TREATMENT PROVIDER**

The defendant failed to take his prescribed medication as deemed necessary by his mental health treatment provider between about October 28, 2018, and February 11, 2019.  This constitutes a Grade C violation of supervised release.

On October 28, 2018, during a visit with the defendant at his place of employment, the defendant informed that he decided to cease taking prescribed medication to treat his mental health.  Sr. USPO Parde expressed concern for the defendant not being on psychotropic medications.  The defendant then stated he would tell his psychiatrist or counselor if he started to have adverse symptoms related to his mental health.  On February 11, 2019, during a phone conversation with the defendant, he admitted to having more adverse symptoms and discussed the need to get back on his psychotropic medication.  On April 4, 2019, Sr. USPO Parde spoke to a nurse at All Health Network, who informed that the defendant's decision to stop taking his prescribed medication was on his own and not supported by the prescriber.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's alleged violations, the probation officer requests a summons.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a summons ordering the defendant to appear in court for a violation hearing, and that the Court consider revocation of probation.

Case 1:19-cr-00305-DDD   Document 4   Filed 11/05/19   USDC Colorado   Page 6 of 6

| | | |
|---|---|---|
| Adam M. Wells<br>1:19CR00305-1 | Petition for Summons of Person Under Supervision<br>Page 6 | November 5, 2019 |

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Tina N. Parde*
Tina N. Parde
Senior United States Probation Officer
Place:   Denver
Date:    November 5, 2019

*s/Kyla Hamilton*
Kyla Hamilton
Supervisory United States Probation Officer
Place:   Denver
Date:    November 5, 2019

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class E felony, thus the maximum sentence allowed upon revocation is 1 year' imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade B violation.  The defendant's criminal history is a Category III, thus the advisory guideline range for revocation is 8 to 14 months imprisonment; however, pursuant to §7B1.4(b)(3)(A), the guideline range cannot exceed the maximum term set forth in statue, making the guideline range 8 to 12 months.

**STATEMENT IN SUPPORT OF RELEASE AT INITIAL APPEARANCE:**

At the present time, the defendant is not viewed as presenting a risk of flight or significant danger to the community.  The defendant is currently residing with his girlfriend in Como, Colorado.  He is reportedly employed part-time at two different places of employment.  The defendant's violation conduct, at this time, does not appear to rise to the level of requiring a warrant or detention.  While the defendant's engagement in supervision is sporadic, he has not completely withdrawn from the supervision process, but Court intervention is deemed necessary given ongoing violations.  The defendant currently appears to be free of illegal drugs, is employed, and is engaged in the treatment process at some level.  In addition, he does not present a risk of non-appearance.  Thus, it is believed this matter can be managed via a summons.  Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.